**Francisco Gonzalez VILLASANA; Maria Elena Gonzalez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75098.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007 *.

Filed Aug. 30, 2007.

John R. Alcorn, Esq., Law Offices of John R. Alcorn, Irvine, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Raymond O. Aghaian, United State Attorney, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Francisco Gonzalez Villasana and Maria Elena Gonzalez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of motions to reopen for abuse of discretion, and review claims of due process violations de novo. *See Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA correctly determined that Petitioners did not satisfy the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 824 (9th Cir.2003) (for the BIA to grant a motion to reopen based on ineffective assistance of counsel, petitioner must: (1) provide an affidavit describing agreement with counsel in detail; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities and if not, why not). Petitioners notified both their former attorneys by serving a copy of the motion to reopen on the date it was filed with the BIA, thereby failing to provide them with an adequate opportunity to respond. *See Reyes v. Ashcroft*, 358 F.3d 592, 594 (9th Cir.2004) (emphasizing the importance of providing for-

** This disposition is not appropriate for publication and is not precedent except as provid-

mer counsel with a timely opportunity to respond).

**PETITION FOR REVIEW DENIED.**